UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| Judit Grof–Tisza, | |
| *Plaintiff,* | Civil No. 3:11cv149 (JBA) |
| v. | |
| Housing Authority of the City of Bridgeport, *et al.,* | May 10, 2011 |
| *Defendants.* | |

RULING ON MOTION TO REMAND

On January 26, 2011, Defendants removed this action from the Superior Court for the Judicial District of Fairfield, at Bridgeport. Plaintiff Judit Grof–Tisza moves to remand on the grounds that Defendants failed to remove the case within thirty days after receiving a copy of the complaint[1] and that the merits of Plaintiff's claims are not preempted by federal ERISA law as claimed by Defendants in their Notice of Removal. For the following reasons, Plaintiff's Motion to Remand will be granted.

Section 502(a)(1)(B) of ERISA allows an individual to "recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan." 28 U.S.C. § 1132(a)(1)(B). "Any state–law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre–empted." *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004). "[I]f an individual, at some point in time, could have brought [her] claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated

---

[1] The only complaint before the Court is Plaintiff's Revised Complaint and it is therefore impossible to determine if the claimed grounds for removal were present in the original complaint, making Defendant's removal of the action untimely.

by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Id.* at 210.

However, if "the defendants' asserted liability under the original complaint does not 'derive[]' from 'the particular rights and obligations established by [any] benefit plan[],' . . . but rather from a separate promise that references various benefit plans," the allegations in support of that asserted liability do not support a finding of ERISA preemption. *Stevenson v. Bank of New York Co.*, 609 F.3d 56, 60–61 (2d Cir. 2010). This is the case with Plaintiff's allegations. In her Revised Complaint, Plaintiff alleges that Defendants persuaded her to stay employed with the Housing Authority of the City of Bridgeport rather than participate in an offered buy-out plan, by promising her that she would remain eligible for her retirement benefits, including the buy-out plan benefits. (Revised Compl. ¶¶ 5–10.) Plaintiff further alleges that she was later terminated after signing an agreement with a labor union, and that by terminating her and thereby denying her the promised retirement benefits rather than allowing her to retire, Defendants treated her differently from other employees "who were separated from employment." (*Id.* ¶¶ 11–12.) Plaintiff claims in Counts 1–4 of her Revised Complaint that through these actions, Defendants discriminated against her on the basis of age and sex in violation of the Connecticut Fair Employment Practices Act ("CFEPA"). She further claims in Count 5 that Defendants' assurances that she would be able to retire constituted negligent misrepresentations.

Although Plaintiff's claims reference plan benefits, her allegations do not concern the administration of the plan itself or Plaintiff's rights under the plan. Instead, plan specifics would be invoked only in the determination of damages if Plaintiff were to succeed in demonstrating that Defendants violated Connecticut discrimination and negligent

misrepresentation law. Because Plaintiff's suit "neither interferes with the relationships among core ERISA entities nor tends to control or supersede their functions, it poses no danger of undermining the uniformity of the administration of benefits that is ERISA's key concern." *Stevenson*, 609 F.3d at 61. Plaintiff has set forth claims of age and sex discrimination and negligent misrepresentation. These claims are not pre–empted by ERISA, and Plaintiff's Motion to Remand is therefore GRANTED. The Clerk is directed to remand this case to the Judicial District of Fairfield.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 10th day of May, 2011.